**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2258
_____

KHADIJATU AMIE DIALLO,
                                        Appellant

v.

CAPITAL ONE NA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:23-cv-01532)
District Judge: Honorable John M. Younge

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on November 4, 2025

Before: BIBAS, CHUNG, and BOVE, <u>Circuit Judges</u>

(Opinion filed: November 6, 2025)

_____

———————

OPINION[*]

———————

PER CURIAM

Khadijatu Amie Diallo appeals pro se from the District Court's order denying her motion for reconsideration. We will affirm the District Court's judgment.

In April 2023, Diallo filed a pro se complaint in the Eastern District of Pennsylvania against Capital One. The complaint arises from a contract she signed with the company in 2021 to finance her purchase of a car. She alleges violations of the Truth in Lending Act (TILA) and the Fair Debt Collection Practices Act (FDCPA).

The District Court dismissed the complaint without prejudice on April 27, 2023, after screening it under 28 U.S.C. § 1915(e)(2)(B)(ii), explaining that Diallo failed to state a claim. In particular, the District Court concluded that she "has not clearly articulated the factual underpinnings for the [TILA] claim" and "failed to allege facts that clearly demonstrate that Capital One has violated any provision of the FDCPA in attempting to collect a debt." ECF No. 4 at 5, 6-7. It gave her 30 days to amend her complaint. Diallo never filed anything in response, and on June 20, 2023, the District Court dismissed the case with prejudice.

Over two years later, in July 2025, Diallo filed a motion for reconsideration under Federal Rule of Civil Procedure 59(e). The motion asserts that she did not intend to stand

———————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

on her original complaint and attaches an amended complaint. The District Court denied the motion as untimely. Construing it as a motion under Federal Rule of Civil Procedure 60(b), the District Court determined that it was not only still untimely, the motion also failed to "articulate[] any plausible basis for granting relief under" the rule, and, "[i]n any event, the proposed amended complaint would not cure the defects in the original pleading." ECF No. 9 at 1 n.1. Diallo timely appealed.[1]

We have jurisdiction under 28 U.S.C. § 1291. Our review in this case is limited to the District Court's July 2, 2025 order denying Diallo's motion for reconsideration. We generally review the denial of motions made under Rule 59(e) and 60(b) for abuse of discretion. See Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999); Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008).

We discern no abuse of discretion in the District Court's order. Motions for reconsideration must be filed "no later than 28 days after the entry of the judgment," Fed. R. Civ. P. 59(e), and motions under Rule 60(b)(1)-(3) must be filed "no more than a year after the entry of the judgment or order[.]" Fed. R. Civ. P. 60(c)(1). All other 60(b) motions must be filed "within a reasonable time." Id. Diallo did not file her motion until over two years after the District Court's order dismissing the case with prejudice. In the motion, she acknowledges that "this is an unreasonable delay," but nevertheless asks for the time requirements "to be waived and extended." ECF No. 7 at 4. Denial of this request was not

---

[1] When Diallo filed the 59(e) motion, she also filed a motion for relief from judgment under Rule 60(b). On August 18, 2025, after she filed this appeal, the District Court entered an order denying that motion. She has not appealed from that order.

an abuse of discretion. <u>See</u> Fed. R. Civ. P. 6(b)(2) (prohibiting a district court from extending the time to file motions under Rules 59(e) and 60(b)). In her brief, she argues that the District Court "overlooked critical new evidence of identity theft and inconsistences in Capital One's transaction records." CA No. 7 at 2. But it was not an abuse of discretion for the District Court to deny the motion as untimely after determining that the motion was not filed within a reasonable time as required, nor was it an abuse of discretion to deny the motion because the proposed amended complaint would not cure the defects it identified in the original pleading. <u>Ahmed v. Dragovich</u>, 297 F.3d 201, 209 (3d Cir. 2002).

Accordingly, we will affirm the judgment of the District Court.[2]

---

[2] We deny Diallo's motion to supplement the record with "new evidence that arose after the District Court entered its judgment." CA No. 8 at 1; <u>see also</u> <u>Burton v. Teleflex Inc.</u>, 707 F.3d 417, 435 (3d Cir. 2013) (indicating that a party may supplement the record on appeal in only "exceptional circumstances").